UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATTHEW SNOW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3411 |
| | ) | |
| CORRECTIONAL OFFICER D. LIST, ERNIE MORELAND, ADE OGUNMOKUN, L. MENDENHALL, LT. K. STANDLEY, ALEX DAWSON, and JOHN/JANE DOES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Centralia Correctional Center, pursues claims arising from events which occurred in Logan Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On February 24, 2011, Correctional Officer List allegedly made offensive remarks to Plaintiff regarding Plaintiff's large breasts.  List allegedly told Plaintiff that Plaintiff "would have made a lot of money here back in the day."  Plaintiff asked what List meant by this remark, whereupon List demonstrated by simulating masturbation.  List then "placed both his hands on my chest, squeezed it, then forced it together

in the middle to look like boobs and said 'with these babies!'"  Plaintiff was allegedly seriously traumatized by this humiliation.

Plaintiff filed a grievance about the incident and also wrote letters to the Logan County Sheriff, the Illinois State Police, and the FBI. Allegedly in retaliation for these complaints, Plaintiff was put in segregation and suffered other punishment.

## ANALYSIS

Verbal harassment does not, by itself, violate the U.S. Constitution. Dobbey v. Illinois Dept. of Corrections, 574 F.3d 443, 446 (7th Cir. 2009)("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."); Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)("[R]acially derogatory language, while unprofessional and deplorable, does not violate the Constitution . . . . Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").  Additionally, "not every 'malevolent touch by a prison guard' gives rise to a federal cause of action

. . . ." Outlaw v. Newkirk, 259 F.3d 833, 838 (7th Cir. 2001)(quoted cite omitted).

However, the Eighth Amendment does prohibit the "wanton infliction of psychological pain," regardless of physical injury, though the deprivation must still be serious enough to garner the Constitution's attention. *Compare* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(inmate stated Eighth Amendment claim for strip search "conducted in a harassing manner intended to humiliate and inflict psychological pain."), *with* Dobbey, 574 F.3d at 445-446 (7th Cir. 2009)(guard's hanging of noose in front of black prisoners did not state a claim). "[A] prisoner has a remedy for deliberate harassment, on account of sex, by guards of either sex." Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995).

Determining on which side Plaintiff's claim falls would be premature. The decision better awaits a fully developed factual record and input from Defendant List. *See, e.g.,* Johnson v. Winters, 2011 WL 2473649 *5 (N.D. Ill. 2011)(not reported in F.Supp. 2d)(allowing sexual

harassment claim to proceed at pleading stage where prisoner alleged that guard made a comment about prisoner's buttocks and later grabbed prisoner's buttocks).

Plaintiff also states a plausible claim for retaliation against him for filing grievances and writing letters about the incident. "The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right." Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)(citations omitted). The alleged retaliation appears to include placing Plaintiff in segregation, denying him yard time, and denying him use of the phone.

The only named Defendants who plausibly participated in this alleged retaliation appear to be Defendants List, Standley, and Dawson. The other Defendants cannot be liable simply because they failed to intervene or failed to help Plaintiff. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative

complaint does not cause or contribute to the violation.").

IT IS THEREFORE ORDERED:

    1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal constitutional claim against Defendant List for sexual harassment. Additionally, the Court finds that Plaintiff states a constitutional claim for retaliation for exercising his First Amendment rights. The retaliation claim proceeds against Defendants List, Standley, and Dawson. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) Defendants Moreland, Ogunmokun, and Mendenhall are dismissed for failure to state a claim against them.

    3) This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

4) "Doe" Defendants cannot be served. Plaintiff must timely identify all Doe Defendants or they will be dismissed, without prejudice.

5) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED: January 26, 2012

FOR THE COURT:

                                           <u>s/Sue E. Myerscough</u>
                                       SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE