IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MATTHEW SNOW, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-3411 |
| ) | |
| ) | |
| DAMON LIST, et al., ) | |
| Defendants, ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff proceeds pro se and is currently incarcerated in Sheridan Correctional Center.

According to Plaintiff, during Plaintiff's incarceration in Logan Correctional Center on February 24, 2011, Correctional Officer List made offensive remarks to Plaintiff regarding Plaintiff's large breasts. List allegedly told Plaintiff that Plaintiff "would have made a lot of money here back in the day," referring to a time when prisons were ruled by gang members.  Plaintiff asked what List meant, whereupon List allegedly demonstrated by simulating masturbation.  According to Plaintiff, List then remarked, "What do I gotta' do?  Draw a map for ya'?"  List then "placed both his hands on [Plaintiff's] chest,

squeezed it, then forced it together in the middle to look like boobs and said 'with these babies!'" (Compl. pp. 5-7).

Plaintiff contends that he was denied mental health treatment for the severe traumatization he allegedly experienced from List's offensive conduct. Plaintiff also alleges that he was retaliated against for complaining about the incident.

Defendants have moved for summary judgment, to which Plaintiff has filed no response, though Plaintiff was warned that failure to do so would result in the Court accepting as true Defendants' proposed facts which are supported by cites to admissible evidence.

Defendants' evidence shows that summary judgment must be granted for Defendants on Plaintiff's claims for retaliation and deliberate indifference to Plaintiff's need for mental health treatment. Plaintiff points to no evidence that the events after the incident were motivated by retaliation for Plaintiff's complaints. Plaintiff was placed in segregation for security reasons during an internal investigation of the incident, not to retaliate against him. Plaintiff has no evidence to support his claims that the investigation was inadequate, that Defendants failed to keep Plaintiff and List

separate, or that Defendants failed to transfer Plaintiff, much less any evidence that these purported failings were motivated by retaliation for Plaintiff's complaints.  Plaintiff also does not dispute that he did not seek mental health treatment in the days following the incident either through established procedures or from Defendants.

The claim against Officer List is more difficult to resolve. Though Plaintiff has not responded to the summary judgment motion, List does not deny making the offensive comments.  List does deny touching Plaintiff, but List did not file his own affidavit. Further, the documents attached to the motion for summary judgment corroborate Plaintiff's claim that List grabbed Plaintiff's breasts in the manner described by Plaintiff.

As the Court stated in its merit review order, the Eighth Amendment prohibits the "wanton infliction of psychological pain," regardless of physical injury, though the deprivation must still be serious enough to garner the Constitution's attention. *Compare* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(inmate stated Eighth Amendment claim for strip search "conducted in a harassing manner intended to humiliate and inflict psychological pain.") *with*

Dobbey v. Illinois Department of Corrections, 574 F.3d at 445-446 (7th Cir. 2009)(guard's hanging of noose in front of black prisoners did not state a claim). "[A] prisoner has a remedy for deliberate harassment, on account of sex, by guards of either sex." Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir. 1995).

In the Court's opinion, List's offensive sexual remarks coupled with the grabbing of Plaintiff's breasts would support a jury verdict for Plaintiff on an Eighth Amendment claim. A reasonable inference arises that List's conduct was done solely for the purpose of sexually harassing and humiliating Plaintiff.

Whether compensatory damages are available to Plaintiff under the amended version of 42 U.S.C. § 1997e(e) will be determined after input from the parties. The current version of this section allows an inmate to recover for emotional injury if a "sexual act" was committed, which appears to include the "intentional touching . . . of the breast, . . . with an intent to abuse humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 42 U.S.C. § 1997e(e)(incorporating definitions in 18 U.S.C. § 2246). In any event, even if compensatory damages are not available, nominal and punitive damages may be available.

IT IS ORDERED:

1. Defendants' motion for summary judgment is granted in part and denied in part (d/e 43). Summary judgment is granted to Defendants on Plaintiff's claims for retaliation and deliberate indifference to Plaintiff's serious mental health needs. Summary judgment is granted to Defendants Standley and Dawson. Summary judgment is denied to Defendant List on Plaintiff's Eighth Amendment claim arising from List's alleged offensive remarks and sexual grabbing of Plaintiff's breasts.

2. A final pretrial conference remains scheduled for September 17, 2013, at 2:00 p.m.. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The parties are directed to submit an agreed, proposed final pretrial order at least seven days before the final pretrial conference. Defendant bears the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference. See CD-IL Local Rule 16.3.

3. The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether

the witness will appear in person or by video conference. Nonparty witnesses who are detained or incarcerated will testify by video. Other nonparty witnesses may appear by video at the Court's discretion. The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought. The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as providing the necessary witness and mileage fees. Fed. R. Civ. P. 45.

4. The exhibit section of the proposed final pretrial order must list by number all the exhibits a party may seek to introduce at the trial and give a short description of the exhibit. (For example, "Plaintiff's Ex. 1: 11/10/12 health care request"). The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court. Exhibits that are introduced at trial will be kept in the Court record. Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records. Additionally, the parties are directed to exchange copies of their marked exhibits at least

ten days before the final pretrial conference. If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five business days before the final pretrial conference. Objections will be argued orally at the final pretrial conference.

5. By September 3, 2013, the parties shall submit briefs addressing whether Plaintiff is entitled to seek compensatory damages for mental suffering under the current version of 42 U.S.C. § 1997e(e).

6. The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the final pretrial conference, for discussion at the final pretrial conference. Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference. The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference, to the extent possible.

7. Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

8. The jury trial remains scheduled for November 6, 2013, at 9:00 a.m..

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) terminate Defendants Standley and Dawson; and 2) issue video writs to secure Plaintiff's appearance at the final pretrial conference and the jury trial.**

ENTER: July 10, 2013
FOR THE COURT:

                                                                          **s/Sue E. Myerscough**
                                                                         SUE E. MYERSCOUGH
                                                    UNITED STATES DISTRICT JUDGE