IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATTHEW SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-3411 |
| | ) | |
| | ) | |
| DAMON LIST, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This case is set for a trial on April 22, 2014, on Plaintiff's claim arising from an incident in the Logan Correctional Center on February 24, 2011.  Defendant List moves for summary judgment on the grounds of qualified immunity.[1]  For the reasons below, that motion is denied.

The relevant facts are taken from Plaintiff's allegations in his Complaint and from the undisputed facts in Defendant's motion.

Plaintiff is overweight and has large breasts.  (Compl. p. 5.) On February 24, 2011, Plaintiff was incarcerated in Logan

---

[1] Qualified immunity was asserted as an affirmative defense in Defendants' Answer, but was not raised in Defendants' first motion for summary judgment.  The Court, therefore, has not ruled on the issue, contrary to Plaintiff's assertion.

Correctional Center.  Defendant List approached Plaintiff in the dayroom that day, stared at Plaintiff's chest, and remarked that Plaintiff "would have made a lot of money here back in the day."  By this Officer List meant that "Plaintiff could have used his large male breasts to have earned money from fellow prisoners." (Compl. p. 6; Undisputed Fact 3.)  List then thrust his pelvis and remarked, "What do I gotta' do?  Draw a map for ya'?"  Then, List "placed both his hands on [Plaintiff's] chest, squeezed it, then forced [Plaintiff's breasts] together in the middle to look like boobs and said 'with these babies!'" (Compl. p. 7.)  Plaintiff claims that he was severely traumatized by this incident.

Officer List argues that qualified immunity applies to him because no case law gave him fair notice that his conduct violated the Constitution.  Qualified immunity shields government officials from liability unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right is clearly established if "'every reasonable official would have understood that what he is doing violates that right.'"  Ashcroft v. al-Kidd, 131 S.Ct. 2074 (2011)(*quoting* Anderson v. Creighton, 483

U.S. 635, 640 (1987)).  Plaintiff bears the burden of demonstrating that the right at issue was clearly established when the misconduct occurred.  To defeat qualified immunity, a case directly on point in all factual respects is not required, but "'existing precedent must have placed the statutory or constitutional question beyond debate.'"  <u>Stanton v. Sims</u>, 134 S.Ct. 3 (2013)(*quoting* <u>al-Kidd</u>, 131 S.Ct. at 2083).

An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose.  <u>Calhoun v. DeTella</u>, 319 F.3d 936, 939 (7th Cir. 2003),

The subjective element is satisfied here.  A reasonable jury could find that Officer List acted as he did solely to humiliate, demean, and wantonly inflict psychological pain on Plaintiff.  The question here is whether List's misconduct was objectively serious enough to violate Eighth Amendment standards.

In general, offensive remarks by prison guards, if limited to remarks, are not objectively serious enough to violate the Constitution.  The Seventh Circuit made this clear in <u>DeWalt v.</u>

Carter, 224 F.3d 607 (7th Cir. 2000).  In DeWalt, the Seventh Circuit affirmed the dismissal of a prisoner's claim that guards had verbally assaulted an inmate with racially derogatory and sexually explicit language.  The Seventh Circuit held that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." Id. at 612.

Likewise, in Dobbey v. Illinois Department of Corrections, 574 F.3d 443 (7th Cir. 2009), a white prison guard allegedly hung a noose from the ceiling in plain view of black inmates.  The white guard allegedly "swatted at the noose to make it swing back and forth, then sat down in a chair and 'crossed his arms looking crazy with evil eyes.'"  574 F.3d at 445.  The Seventh Circuit, though acknowledging "the ugly resonance of the noose, symbolic of the lynching of blacks," nevertheless affirmed dismissal, reasoning that racial harassment alone, with no realistic threat of harm, was not cruel and unusual punishment under Eighth Amendment standards.  574 F.3d at 446.

Remarks alone, therefore, do not violate the Constitution, even if meant to demean, humiliate, and wantonly inflict psychological

pain on an inmate. However, DeWalt and Dobbey do not protect Officer List here, because Officer List's offensive behavior went beyond verbal harassment.

The Seventh Circuit has repeatedly held that pat-downs and strip searches conducted for the purpose of humiliating an inmate or to gratify a guard's sexual desires violate the Eighth Amendment. *See, e.g.,* Washington v. Hively, 695 F.3d 641 (7th Cir. 2012)(summary judgment reversed where the plaintiff alleged that a guard fondled the plaintiff's testicles and penis through the plaintiff's clothes during a pat down and alleged fondled the plaintiff's nude testicles for two or three seconds during a strip search); Mays v. Springborn, 575 F.3d 643, 650 (7th Cir. 2009)(reversing summary judgment where the plaintiff alleged group strip searches conducted with dirty gloves and demeaning comments); Rivera v. Drake, 497 Fed.Appx. 635 (7th Cir. 2012)(unpublished)(reversing summary judgment where the plaintiff alleged that a guard had inserted his thumb between the plaintiff's buttocks during a pat-down). A prison guard's unconsented, sexual touching of an inmate is objectively serious enough to violate the Eighth Amendment. Wood v. Beauclair, 692

F.3d 1041 (7th Cir. 2012)(reversing summary judgment where a female guard allegedly entered the plaintiff's cell, reached into his gym shorts, and stroked his penis and on another occasion put her hands on the plaintiff's groin); Walker v. Taylorville Correctional Center, 129 F.3d 410 (1997)(inmate stated claim where he alleged that a correctional counselor rubbed his arm and called him honey, touched the inmate's penis under his bed covers, and made a sexual comment while the inmate was taking a shower); *see also* Johnson v. Winters, 2013 WL 4029114 (N.D. Ill. 2013)(summary judgment denied where a female prison guard allegedly made sexual remarks about an inmate's buttocks and grabbed the inmate's buttocks while he was showering).

In Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003), the Seventh Circuit held that an inmate stated an Eighth Amendment claim based on a strip search allegedly "conducted in a harassing manner intended to humiliate and inflict psychological pain." The inmate in Calhoun had been forced to strip in front of female guards whose presence was unnecessary. The inmate was then ordered to "perform 'provocative acts'" while the guards ridiculed him, made "'sexual ribald comments,'" and "'pointed their sticks

towards his anal area'" when the inmate spread his buttocks. Id. at 938. The Seventh Circuit reversed dismissal of the claim, holding that the Eighth Amendment proscribed the wanton infliction of both physical pain and psychological pain. Id. at 939. "Such gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment." Id. at 939 (*citing* Hudson v. McMillian, 503 U.S. 1 (1992)).

Here, Officer List ridiculed and sexually harassed Plaintiff by, essentially, telling Plaintiff that Plaintiff could prostitute himself to other inmates by allowing other inmates to put their penis in between Plaintiff's breasts to masturbate. List thrust his pelvis and then grabbed Plaintiff's breasts, squeezing Plaintiff's breasts together to further humiliate and demean Plaintiff.

Officer List argues that Calhoun is too factually different from this case to defeat qualified immunity. True, Officer List did not force Plaintiff to disrobe or to perform "provocative acts" as the guards did in Calhoun. Also true is that the cases discussed above in which a guard sexually touched an inmate, the touching was of the inmate's genitals or buttocks, rather than the inmate's breasts.

Those distinctions make no difference in the Court's opinion. Qualified immunity should not turn on whether Officer List grabbed Plaintiff's crotch or Plaintiff's breasts. List's touching was sexual and done for the sole purpose of humiliating and demeaning Plaintiff, or at least a reasonable jury could so find. Plaintiff had to stand and take the abuse, given the power differential. "[J]ust as defining a right too broadly may defeat the purpose of qualified immunity, defining a right too narrowly may defeat the purpose of § 1983." Abbott v. Sangamon County, 705 F.3d 706, 732 (7th Cir. 2013); Estate of Escobedo v. Bender, 600 F.3d 770, 780 (7th Cir. 2010). The primary purpose of qualified immunity is to "give[] government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft, 131 S.Ct. at 2085; Gonzalez v. City of Elgin, 578 F.3d 526 (7th Cir. 2009)("purpose of qualified immunity is to protect public officials from guessing about constitutional developments"). No reasonable officer in List's position would have mistakenly believed that his actions were lawful in light of Calhoun and the other cases discussed above.

Officer List cites cases from the Second, Eighth and Ninth Circuits which he believes are more analogous than Calhoun. Resort to other circuit's law is not necessary, given the Seventh Circuit controlling precedent set forth above. Estate of Escobedo v. Bender, 600 F.3d 770 (7th Cir. 2010)(look first to controlling precedent).

IT IS THEREFORE ORDERED that Defendant List's motion for summary judgment on qualified immunity is denied (d/e 71).

ENTERED: 4/17/2014

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE